UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SISTER E JONES-BEY; LYRICS
PLAYHOUSE MOORISH SUDBURY
INSTITUTE,

                    Plaintiffs,

              -against-

YUSEF SIRIUS-EL; ROBERT JONES-BEY,
doing business as MOORISH SCIENCE
TEMPLE OF AMERICA INC; D. CLARK-EL;
WALTER CLENDENIN-BEY; ROBERT
JONES-BEY,

                    Defendants.

23-CV-6371 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Sister E. Jones-Bey, who is appearing *pro se*, invokes the court's federal

question jurisdiction, alleging that Defendants violated her rights. Named as Defendants are

Yusef Sirius-El, Grand Sheik Moorish Science Temple of America Subordinate Temple 34;

Assistant Grand Sheik Walter Clendenin-Bey; D. Clark-El, Grand Governor of the State of New

York Moorish Science Temple of America, Inc.; and Robert Jones-Bey, Grand Sheik and

Moderator of the Moorish Science Temple of America, Inc. By order dated July 26, 2023, the

Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but

grants Plaintiff 30 days' leave to replead her claims in an amended complaint demonstrating that

the Court has diversity of citizenship jurisdiction of her state law claims.

**STANDARD OF REVIEW**

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings her claims using a general complaint form. She checks the box to invoke the court's federal question jurisdiction, and in response to the question asking her to list the

specific federal statutes, treaties, or constitutional provisions at issue in this case, Plaintiff alleges

that Defendants "have behaved and conducted business in ways that violate" the First

Amendment; 18 U.S.C. §§ 1513, 12131, 12133, and 1831; and 28 U.S.C. § 1651. (ECF 1, at 3.)

Plaintiff alleges that the events giving rise to her claims occurred in Bronx County and

Kings County, New York, between October 2020 and the present.

Plaintiff alleges,

The named State and National Officials of The Moorish Science Temple of America Inc. have violated my constitutional rights, and use extortion and blackmail in order to prevent me from being able to progress[] in the organization. On three different occasions I requested that Yusef Sirius-El give me a letter verifying my membership with Moorish Science Temple of America Subordinate Temple #34. My intellectual property has been used without donation or acknowledgment that it was created by me and Yusef Sirius-El has used others to find out th[i]ngs about my business in order to boycott and blacklist us and then later implement my ideas as if he was the creator. I requested that my dues be refunded back dating to June 2020 or disclose what they are used for as there are no faith based service for Moorish Americans in NYC. I have written several complaints requesting resolution to no avail. It is my belief that the defendants has been using these tactics for years to remain in power.

(*Id.* at 5.)[1]

Plaintiff alleges that she has experienced emotional distress and does not know "how

much financial damage has been done but ive lost three years of financial compensation for my

services due to [Sirius-El's] unwillingness to truly resolve his indiscretions as a leader and the

other defendants allow his behavior." (*Id.*)

---

[1] The Court quotes the complaint verbatim. All grammar, punctuation, and spelling are as in the original unless otherwise indicated.

As relief, Plaintiff requests money damages, and, pursuant to 28 U.S.C. § 1651,[2] that "an order of Protection be issued for myself my offspring and my business clients students and associates against the defendants." (*Id.*)

Plaintiff attaches to the complaint an "Affidavit of Support of Discrimination Claim" in which she alleges the following. Sirius-El has violated the "basic Human Rights" of Plaintiff, her "offspring and many of [her] associates" by prohibiting them from attending "Mandatory Public Meetings," which Plaintiff alleges is a "direct violation" of the laws that govern "our organization." (ECF 1-1, at 1.) Plaintiff alleges Sirius-El has discriminated against her based on her familial status, sexual orientation, and disability, and she accuses him of using "slander & libellious statements" made by others to defame her and "prevent [her] from progressing in the organization." (*Id.* at 4.) Sirius-El has "held meetings to discuss issues concerning [Plaintiff] without her knowledge and without allowing [her] the opportunity to defend [her]self or [her] character." (*Id.*) Plaintiff's exclusion from these meetings has affected her religious practices and her personal relationships, which she maintains violates the United States and New York State constitutions and various international laws.

## DISCUSSION

### A.  Claims on behalf of the Lyrics Playhouse Moorish Sudbury Institute

Plaintiff lists the Lyrics Playhouse Moorish Sudbury Institute as a plaintiff in the caption of the complaint but does not include it in the list of plaintiffs in the body of complaint. To the extent Plaintiff seeks to assert claims on behalf of the Lyrics Playhouse Moorish Sudbury Institute, she may not do so. As a nonlawyer, Plaintiff can only represent her own interests. *See*

---

[2] Section 1651 provides that, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (noting that Section 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). The Court therefore dismisses without prejudice any claims Plaintiff is asserting on behalf of Lyrics Playhouse Moorish Sudbury Institute.

**B.    Constitutional claims**

Plaintiff's claims that Defendants violated her federal constitutional rights arise under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To satisfy the state action prong, a claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants Yusef Sirius-El, Walter Clendenin-Bey, D. Clark-El, and Robert Jones-Bey are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983. The Court therefore dismisses Plaintiff's constitutional claims against these defendants,

5

arising under Section 1983, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.     Claims under federal criminal law

Plaintiff attempts to assert claims under 18 U.S.C. §§ 1513 and 1831, which are federal criminal statutes.[3] However, Plaintiff cannot initiate the arrest and prosecution of an individual in this Court, however, because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claims under the federal criminal code for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.     Claims under state law

To the extent Plaintiff seeks to assert claims for defamation or slander, those claims arise under state law. Plaintiff, however, has not alleged facts demonstrating that the Court has diversity jurisdiction of her state law claims. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00,

---

[3] Section 1513 is a federal criminal statute prohibiting and prescribing criminal penalties for retaliation against a witness, victim, or informant. Section 1831 is a federal criminal statute prohibiting "economic espionage." Plaintiff also purports to being claims under 18 U.S.C. § 12132 and 12133. However, there are no provisions of the United States Code corresponding to those sections of Title 18.

the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff alleges that she is a resident of New York. She provides the same Brooklyn, New York, address for Sirius-El and Clendenin-Bey, and a Bronx, New York, address for Carter-El. She does not provide an address for Jones-Bey. Because the complaint does not demonstrate that the parties have diverse citizenship, the Court may not exercise diversity jurisdiction of Plaintiff's state law claims.

The Court notes, however, that "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his "domicile." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d. Cir. 2000). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir.1998) (internal quotation marks omitted). The addresses Plaintiff provided for Defendants may be employment addresses or the addresses of their respective temples. It is therefore possible that they are not, like Plaintiff, domiciled in New York. Because Plaintiff may be able to allege additional facts to support diversity jurisdiction of this action, the Court grants Plaintiff 30 days' leave to amend her complaint to replead her state law claims and to allege facts demonstrating that the parties are of diverse citizenship. If Plaintiff repleads her claims, she should also allege facts demonstrating that her claims are worth in excess of the $75,000 statutory minimum.

If Plaintiff does not replead her state law claims or if she submits an amended complaint that does not demonstrate that the Court has diversity jurisdiction of her state law claims, the Court will decline to exercise supplemental jurisdiction of Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over state

law claims when it "has dismissed all claims over which is has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.").

E.    **Leave to replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to demonstrate that the Court has diversity jurisdiction of her state law claims, the Court grants Plaintiff 30 days' leave to replead those claims in an amended complaint. The Court denies Plaintiff leave to replead her remaining claims because any amendment would be futile.

**CONCLUSION**

The Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead her state law claims in an amended complaint demonstrating that the Court has diversity of citizenship jurisdiction to consider her state law claims.

Plaintiff must submit any amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-6371 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment dismissing the complaint for the reasons stated in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 28, 2023
         New York, New York

                                                  /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                            Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

          -against-

_____
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

____ Civ. _____ ( ____ )

**AMENDED
COMPLAINT**

Jury Trial:   ☐ Yes      ☐ No
                   *(check one)*

**I.      Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff          Name _____
                       Street Address _____
                       County, City _____
                       State & Zip Code _____
                       Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 2    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 3    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 4    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


**II.    Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions          ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
_____
_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

## III.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____
_____

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

C.      Facts:  _____
_____

What happened to you?

_____
_____
_____
_____

Who did what?

_____
_____
_____

_____
_____

Was anyone else involved?

_____
_____
_____

Who else saw what happened?

_____
_____
_____
_____

## IV.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____
_____
_____
_____
_____
_____
_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

| | |
|---|---|
| Signature of Plaintiff | _____ |
| Mailing Address | _____ |
| | _____ |
| | _____ |
| Telephone Number | _____ |
| Fax Number *(if you have one)* | _____ |

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

| | |
|---|---|
| Signature of Plaintiff: | _____ |
| Inmate Number | _____ |