UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SISTER E. JONES-BEY,

                              Plaintiff,

            -against-

ROBERT JONES-BEY; D. CLARK-EL;
YUSEF SIRIUS-EL; WALTER CLENDENIN-
BEY,

                              Defendants.

23-CV-6371 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Sister E. Jones-Bey brings this action *pro se* and *in forma pauperis* ("IFP"). By order dated August 28, 2023, the Court dismissed Plaintiff's constitutional claims under 42 U.S.C. § 1983 and her claims under criminal law, but granted her leave to replead her state law claims in an amended complaint alleging facts showing that the Court has diversity of citizenship jurisdiction of her claims. (ECF 4.) On September 9, 2023, Plaintiff filed an amended complaint. (ECF 5.) For the reasons set forth below, the Court dismisses the amended complaint but grants 30 days' leave to replead her state law claims against Defendant Robert Jones-Bey in a second amended complaint.

## BACKGROUND

In the amended complaint, Plaintiff, who is a resident of Brooklyn, New York, names as Defendants Robert Jones-Bey, for whom she provides a Washington, D.C., address; Yusef Sirius-El, for whom for she provides a Brooklyn, New York, address; Walter Clendenin-Bey, for whom Plaintiff also provides a Brooklyn, New York, address; and D. Clark-El, for whom Plaintiff provides a Bronx, New York, address.

Plaintiff checks the box on the amended complaint form to invoke the court's federal question jurisdiction, and states that Defendants violated her federal constitutional rights. The following allegations are taken from the amended complaint. Defendant "Yusef Sirius-El's actions from the date of October 24th 2020 until the present day" have violated Plaintiff's First Amendment rights, as well as various provisions of the New York State Penal Law. (ECF 5, at 3.)[1] Defendants Clark-El, Clendenin-Bey, and Jones-Bey "had the ability to put an end to the behaviors" but they did not "due to their biases against [Plaintiff] due to [her] choice not to date or m[a]rry who they want [her] to, familial status." (*Id.*)  Plaintiff's "own disclosure of mental health diagnoses was used to prevent [her] from getting the documentation necessary to obtain vital resources for [her] faith based organization" and "[a]ll members of Temple #34 are aware of this ongoing mental/emotional intimidation." (*Id.*)

Plaintiff alleges that her reputation among the Moorish American community "has been tainted by the gang stalking and harassment campaign orchestrated by Yusef Sirius-El." (*Id.*) Moreover, Sirius-El's "slanderous and libel[]ous" statements have caused Plaintiff "mental and emotional trauma" and has caused Plaintiff "to be segregated from the rest of [her] Moorish kin." (*Id.*) Plaintiff further alleges that her business has "suffered tremendously" and that her "intellectual property was stolen and published as if it was someone else's." (*Id.*)

In the section of the complaint form that instructs her to state the relief she is seeking, Plaintiff states, "Violations of First Amendment rights constitutes irreparable damages. As a religious organization their job is to uplift humanity. The atrocities I've witnesses, the words I've

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the amended complaint. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

heard and the way I was ostracized for speaking my truth as made an already hard time worst." (*Id.* at 4.)

Plaintiff seeks compensatory and punitive damages.

## DISCUSSION

In its August 28, 2023 order of dismissal, the Court dismissed Plaintiff's federal constitutional claims under 42 U.S.C. § 1983 because all Defendants were private parties who were not alleged to work for any state or local government body, and private parties generally cannot be held liable under Section 1983. *See Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). The Court further dismissed any claims Plaintiff was attempting to assert under criminal laws because neither Plaintiff nor the Court can direct prosecutors to initiate criminal proceedings as prosecutors are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Because any amendment to Plaintiff's Section 1983 claims and criminal law claims would be futile, the Court denied Plaintiff leave to replead these claims. (*See* ECF 1, at 8.)

Plaintiff's amended complaint, although it is much less detailed than the original complaint, names the same defendants,[2] alleges the same general set of facts, and asserts many of the same legal claims as the original complaint, including those claims that the Court dismissed and instructed Plaintiff not to replead. The Court therefore dismisses Plaintiff's

---

[2] In the original complaint, Plaintiff sued "Robert Jones-Bey doing business as Moorish Science Temple of America," whereas in the amended complaint, she omits Jones-Bey's business affiliation.

constitutional claims under Section 1983 and any criminal law claims Plaintiff may be seeking to bring for the reasons stated in its August 28, 2023 order of dismissal. (*See* ECF 4, at 5-6.)

In its prior order of dismissal, the Court noted that Plaintiff may be attempting to assert state law claims for defamation or slander, but determined that the complaint did not establish that the Court had diversity of citizenship jurisdiction of any state law claims she may be asserting because Plaintiff provided New York addresses for herself as well as for Defendants Sirius-El, Clendenin-Bey, and Carter-El.[3] The Court noted that domicile for purposes of the diversity statute is based on "the place where a person has his true fixed home and principal establishment," *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) (internal quotation marks omitted), and that it was unclear whether the addresses provided by Plaintiff were the Defendants' home addresses or employment or temple addresses. The Court therefore granted Plaintiff leave to replead her state law claims and to allege facts demonstrating that the parties are of diverse citizenship and that her claims are worth in excess of the $75,000 statutory minimum. (*See* ECF 4, at 6-8.)

In the amended complaint, Plaintiff again provides New York addresses for herself and Defendants Sirius-El, Clendenin-Bey, and Clark-El. (*See* ECF 5, at 2.) She alleges that Defendant Jones-Bey, however, is a resident of Washington, D.C. Plaintiff has therefore sufficiently alleged diversity of citizenship with respect to Jones-Bey. She does not, however, allege facts suggesting a claim against Jones-Bey that is worth in excess of the $75,000 jurisdictional threshold. Furthermore, as most of Plaintiff's allegations appear to be against Sirius-El, it is unclear what state law claim, if any, she may be attempting to assert against Jones-Bey.

---

[3] Plaintiff did not provide an address for Defendant Jones-Bey.

In light of Plaintiff's *pro se* status, the Court grants her one last opportunity to replead her state law claims against Jones-Bey in a second amended complaint. If Plaintiff files a second amended complaint, she must demonstrate that the Court has diversity jurisdiction of her claims by alleging facts showing that the parties are diverse and that her claims are worth in excess of $75,000. She must also allege facts suggesting a viable state law claim against Jones-Bey. Leave to replead is granted solely with respect to state law claims against Jones-Bey. If Plaintiff again asserts federal constitutional claims against a private party or brings state law claims against a non-diverse defendant, the Court will summarily dismiss those claims.

If Plaintiff does not replead her state law claims or if she submits a second amended complaint that does not demonstrate that the Court has diversity jurisdiction of her state law claims, the Court will decline to exercise supplemental jurisdiction of Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1998) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.").

## CONCLUSION

The Court dismisses the amended complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead a viable state law claim of which the Court has subject matter jurisdiction against Defendant Jones-Bey in an amended complaint. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 23-CV-6371 (LTS). A Second Amended Complaint form is

attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment dismissing the actions for the reasons stated in this order and the Court's August 28, 2023 order of dismissal.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    October 10, 2023
             New York, New York

                                                   /s/ Laura Taylor Swain
                                                   LAURA TAYLOR SWAIN
                                                   Chief United States District Judge

U̲NITED S̲TATES D̲ISTRICT C̲OURT
S̲OUTHERN D̲ISTRICT OF N̲EW Y̲ORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*


                        -against-


_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

_____ Civ. _____ (_____)

**SECOND AMENDED COMPLAINT__**

Jury Trial:   ☐ Yes      ☐ No
                        (check one)


**I.      Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff        Name _____

                 Street Address _____

                 County, City _____

                 State & Zip Code _____

                 Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                    1

Defendant  No. 1        Name  _____

                        Street Address  _____

                        County, City  _____

                        State & Zip Code  _____

                        Telephone Number  _____


Defendant  No. 2        Name  _____

                        Street Address  _____

                        County, City  _____

                        State & Zip Code  _____

                        Telephone Number  _____


Defendant  No. 3        Name  _____

                        Street Address  _____

                        County, City  _____

                        State & Zip Code  _____

                        Telephone Number  _____


Defendant  No. 4        Name  _____

                        Street Address  _____

                        County, City  _____

                        State & Zip Code  _____

                        Telephone Number  _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction?  *(check all that apply)*

         ☐ Federal Questions                    ☐ Diversity of Citizenship


B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue?  _____

         _____

         _____


C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

         Plaintiff(s) state(s) of citizenship  _____

         Defendant(s) state(s) of citizenship  _____

         _____

### III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.    Facts: _____

_____

| What happened to you? | _____ |

_____

_____

_____

| Who did what? | _____ |

_____

_____

| Was anyone else involved? | _____ |

_____

| Who else saw what happened? | _____ |

_____

_____

_____

### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address             _____

                            _____

                            _____

Telephone Number            _____

Fax Number *(if you have one)*   _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:     _____

Inmate Number               _____